[No. 20224. In Bank. — August 13, 1887.]

## THE PEOPLE, RESPONDENT, v. FEDELE BEZY, AP-PELLANT.

CRIMINAL LAW — MURDER — VERDICT — INSUFFICIENCY OF EVIDENCE. — Where evidence is given on a trial for murder tending to show the defendant guilty of murder in the first degree, a verdict to that effect will not be reversed on the ground that the evidence is insufficient to sustain it, notwithstanding the testimony of the defendant, if taken as absolutely true in all its parts, would reduce the crime to manslaughter.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Tupper & Tupper, M. K. Harris,* and *Terry & Terry,* for Appellant.

*Attorney-General Johnson,* for Respondent.

The COURT. — Defendant was convicted of murder in the first degree, and the punishment fixed at imprisonment for life, for the killing of one John Mengetti, on the third day of June, 1884, at the county of Fresno.

The appeal is from the final judgment in the cause, and from an order denying a new trial.

The only point urged by counsel for appellant at the hearing was, that the evidence is insufficient to sustain the verdict, or to warrant any verdict above the grade of manslaughter.

Defendant and the deceased had, according to the evidence, been acquaintances and friends from boyhood until within say one year of the death of the latter, when they had a falling out, subsequent to which there is testimony tending to show threats by defendant against deceased.

This prior ill feeling, coupled with all the circum-

stances detailed at the trial, forces the conclusion that the verdict was warranted by the evidence.

There was no person present at the time and place of the shooting of deceased by defendant except these persons.

Taking the testimony of defendant as absolutely true in all its parts, and it may well be contended that the killing (which was admitted) did not constitute a higher grade of crime than manslaughter; but the jurors were the judges of the weight to be given to defendant's statement as a whole, and to its various parts, and we can very well see that, in the exercise of sound judgment, they may have discarded as improbable some of the extenuating facts sworn to.

The judgment and order appealed from are affirmed.